**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., a Delaware limited partnership, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-24-1258-D |
| BLACK DIAMOND OILFIELD RENTALS, LLC, a Delaware limited liability company, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

**ANSWER**

Defendant Black Diamond Oilfield Rentals LLC ("Black Diamond") provides this Answer to Plaintiff National Oilwell Varco, L.P.'s Complaint [Dkt. 1]. Black Diamond denies each and every allegation set forth in the Complaint except to the extent they are specifically and explicitly admitted below. To the extent any factual allegation is admitted, said admission is inapplicable to any purported conclusions, implication, inferences or speculations that Plaintiff contends follow from such admitted facts.

## I. PARTIES, JURISDICTION & VENUE

1. Admitted.

2. Denied that Black Diamond's headquarters is located in The Woodlands, Texas. Otherwise, the allegations of this paragraph are admitted.

3. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond does not contest subject matter jurisdiction.

4. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond does not contest venue for purposes of this litigation, and Black Diamond otherwise denies the allegations in this paragraph.

## II. [ALLEGED] FACTS

5. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

6. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

7. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

8. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

9. The purported definitions recited in this paragraph speak for themselves and Black Diamond denies anything inconsistent with the same.

10. Black Diamond admits that the threaded end of drill pipe or the "connection" takes on mechanical stresses during drilling operations. The allegations in this paragraph are otherwise denied.

11. The patent identified in this paragraph, as well as its prosecution, speaks for itself and Black Diamond denies anything inconsistent with the same. Black Diamond admits that the image depicted in this paragraph appears to come from the website also referenced in this paragraph. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

12. Black Diamond admits that horizontal drilling may increase hydrocarbon recovery and may place stress on equipment used in connection with such drilling. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

13. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

14. Black Diamond admits that a "single shoulder" or "API" connection of drill pipe may include a gap where the drill pipe is connected. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

15. Black Diamond admits that a "double shoulder" connection of drill pipe may lack the gap of a "single shoulder" or "API" connection and that certain equipment sold by Plaintiff purports to include a "double shoulder" connection. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

16. Black Diamond admits that this paragraph appears to include an image of part of the website referenced in the paragraph. Otherwise, the allegations in this paragraph are denied.

17. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

18. Black Diamond admits that torque is a measurement used in and is otherwise a part of drilling operations. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

19. Black Diamond admits that the use of liquid pressure to create mechanical movement (or hydraulics) is a part of drilling operations. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

20. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

21. Black Diamond admits that the image depicted in this paragraph appears to come from the website also referenced in this paragraph. Black Diamond otherwise denies the allegations in this paragraph.

22. Denied.

23. Denied.

24. Denied.

25. Admitted that the term "XT" is known and used by those in the industry to refer to certain equipment, regardless of whether such equipment originates from Plaintiff. Black Diamond otherwise denies the allegations in this paragraph.

26. The registration and history of assignments identified in this paragraph speaks for itself and Black Diamond denies anything inconsistent with the same. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

27. Admitted.

28. Denied.

29. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

30. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

31. Admitted that U.S. Trademark Reg. No. 2,466,236 is subsisting and that U.S. Patent No. 5,908,212 is not. The allegations in this paragraph are otherwise denied.

32. Admitted that Chris Biggerstaff co-founded Black Diamond. The allegations in this paragraph are otherwise denied.

33. Admitted that Black Diamond is in the business of renting drill pipe. The remaining allegations in this paragraph are denied.

34. Admitted that Basin Holdings, LLC owns Black Diamond and further admitted that the quote in this paragraph appears to be from the website also referenced in

this paragraph. Said website and quote speak for themselves and Black Diamond denies anything inconsistent with the same. The allegations in this paragraph are otherwise denied.

35. Black Diamond admits that Chris Biggerstaff has extensive experience in the drill pipe business and that said experience was a reason for Mr. Biggerstaff becoming Black Diamond's co-founder. The allegations in this paragraph are otherwise denied.

36. Black Diamond admits that Chris Biggerstaff worked for Quail Tools from January 1997 to June 2005 and for Thomas Tools from February 2012 to July 2012. The allegations in this paragraph are otherwise denied.

37. Black Diamond admits that Quail Tools is a drill pipe rental company based in Louisiana. Black Diamond denies that Quail Tools "has been and remains…[an] exclusive distributer" of Plaintiff's products. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

38. Black Diamond admits that Thomas Tools is a drill pipe rental company. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

39. Black Diamond admits that, prior to being employed by Black Diamond, Chris Biggerstaff became aware of equipment identified by Plaintiff as "XT". The remaining allegations in this paragraph are denied.

40. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

41. Denied.

42. Admitted that Black Diamond markets and sells products named EVRDRL, including the EVRDRL 3.90. The remaining allegations in this paragraph are denied.

43. Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

44. Admitted that Plaintiff is the record owner of U.S. Trademark Reg. No. 2,466,236. The allegations in this paragraph are otherwise denied.

45. Admitted that Plaintiff has sold to Black Diamond, and Black Diamond has otherwise lawfully acquired, equipment originally sold by Plaintiff as an "XT" product, and Black Diamond further admits to lawfully repairing the same as well as other equipment. The remaining allegations in this paragraph are denied.

46. Admitted that this paragraph purports to contain a partial image of what purports to be a "Drill Pipe Performance Data Sheet;" such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied, including that the partial image depicted in this paragraph shows wrongdoing or liability on the part of Black Diamond.

47. Admitted that this paragraph purports to contain a partial image of correspondence sent from Nelson Allen to Chris Biggerstaff; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond

denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied, including that the partial image depicted in this paragraph shows wrongdoing or liability on the part of Black Diamond.

48. Admitted that this paragraph purports to contain an image of correspondence sent from Plaintiff to Black Diamond; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied, including that the partial image depicted in this paragraph shows wrongdoing or liability on the part of Black Diamond.

49. Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

50. Black Diamond is without sufficient information and knowledge to admit or deny what Plaintiff knows and when Plaintiff learns of such knowledge and, on that basis, denies the same. Black Diamond denies the remaining allegations in this paragraph, including what Plaintiff purports to know or have discovered.

51. Black Diamond is without sufficient information and knowledge to admit or deny whether the technical specifications for the connections referenced in this paragraph are or are not different. The remaining allegations in this paragraph are denied.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted that the correspondence embedded in this paragraph purports to be a partial image of correspondence sent from Jeb Hunt to Kaiser-Francis; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated, and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

57. Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

58. Admitted that this paragraph purports to contain an image of a Black Diamond ticket; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated, and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

59. Admitted that drill pipe originating from Plaintiff and Black Diamond may be different. Further admitted that this paragraph purports to include a partial quote of Black Diamond's Answer to Plaintiff's Interrogatory No. 16 in the *Snider* Litigation, which speaks for itself and must be taken in its entirety; Black Diamond denies any allegations inconsistent with the same and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

60. Black Diamond's "internal company materials" referenced in this paragraph—which are not identified by Plaintiff—speak for themselves and must be taken in their entirety, and Black Diamond denies any allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

61. Admitted that the subject tool joints in the *Snider* litigation may have been cut/recut. Further admitted that this paragraph purports to include a partial quote of Black Diamond's Answer to Plaintiff's Interrogatory No. 13 in the *Snider* Litigation, which speaks for itself and must be taken in its entirety; Black Diamond denies any allegations inconsistent with the same and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

62. Admitted that the *Snider* Litigation concerned an accident at the location identified in this paragraph that ultimately led to the death of Tanner Snider on October 5, 2022. The allegations in this paragraph are otherwise denied.

63. Admitted.

64. Admitted that Kaiser-Francis initiated suit against Black Diamond in 2023 and in its pleading initiating said suit alleged, among other things, what is quoted in this paragraph, which is denied by Black Diamond. The allegations in this paragraph are otherwise denied.

65. Black Diamond admits that Plaintiff was voluntarily dismissed from the *Snider* Litigation on February 27, 2024. The allegations in this paragraph are otherwise denied.

66. Denied.

67. Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same as well as the remaining allegations in this paragraph.

68. Denied.

**<u>CLAIM I – [ALLEGED] INFRINGMENT OF REGISTERED U.S. TRADEMARK</u>**

69. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

70. The registration identified in this paragraph speaks for itself and Black Diamond denies anything inconsistent with the same.

71. Admitted that Black Diamond has used the term “XT-type”. The allegations in this paragraph are otherwise denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## <u>CLAIM II – [ALLEGED] FEDERAL UNFAIR COMPETION AND FALSE DEISGNATION OF ORIGIN</u>

79. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## <u>CLAIM III – [ALLEGED] FEDERAL FALSE ADVERTISING</u>

87. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

**CLAIM IV – [ALLEGED] COMMON-LAW TRADEMARK INFRINGEMENT**

99. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

100. Denied.

101. Admitted that Black Diamond has used the term "XT-type". The allegations in this paragraph are otherwise denied.

102. Denied.

103. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Complaint [Dkt. 1], including the relief sought in this paragraph.

**CLAIM V – [ALLEGED] VIOLATIONS OF THE OKLAHOMA DECEPTIVE TRADE PRATICES ACT**

104. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

105. Denied.

106. Admitted.

107. Admitted that this paragraph purports to quote certain portions of 78 Okla. Stat. § 53, which speaks for itself and Black Diamond denies any allegations inconsistent with the same.

108. Denied.

109. Denied.

110. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Complaint [Dkt. 1], including the relief sought in this paragraph.

111. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Complaint [Dkt. 1], including the relief sought in this paragraph.

**CLAIM VI – [ALLEGED] UNJUST ENRICHMENT**

112. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Complaint [Dkt. 1], including the relief sought in this paragraph.

**PRAYER FOR RELIEF**

119. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

120. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Complaint [Dkt. 1], including the relief sought in this paragraph.

121. Denied.

Black Diamond denies the final paragraph of the Complaint and that Plaintiff is entitled to any of the relief sought or requested in the same.

## DEFENSES

No relief against Black Diamond is proper and any allegation expressed or implied by Plaintiff not specifically and explicitly admitted in this Answer is denied. Further answering and responding to the Complaint, Black Diamond identifies the following defenses, but does not assume any burden of production or persuasion which is not required by applicable law:

1. With respect to one or more of Plaintiff's claims, Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff is not entitled to an award of statutory damages, damages for willful infringement, attorney's fees or other costs.

3. Plaintiff's claims are barred because Plaintiff cannot establish one or more of the elements of its claims.

4. Plaintiff's requested relief is contrary to public policy as an unlawful restraint of trade.

5. Plaintiff's claims are barred in whole or in part because they purport to address conduct that is beyond the scope of the federal and state laws on which Plaintiff's claims are based.

6. Plaintiff's claims are barred by reason of estoppel, waiver or laches.

7. Plaintiff's claims are barred by reason of unclean hands.

8. Plaintiff's claims are barred by reason of implied license and/or acquiescence and/or the first sale doctrine.

9. One or more of Plaintiff's claims are barred by reason of the applicable statute of limitations.

10. What Plaintiff contends to be infringement constitutes lawful fair use and/or nominative fair use.

11. The statements attributed to the Black Diamond for alleged violations of the Lanham Act were not false and/or do not and did not cause confusion or mistake and/or were not likely to deceive the pertinent consuming public.

12. Plaintiff has not been, nor is likely to be, injured by the acts complained of within the Complaint.

13. Plaintiff cannot show the requisite mental state or level of conduct for willful infringement or to be awarded exemplary and/or punitive damages, and any such imposition of exemplary and/or punitive damages would violate the Oklahoma and/or United States Constitutions.

14. Plaintiff's claims are a misuse of its purported rights.

15. "XT" is and/or has become generic and the primary significance of the term is of a particular product, not Plaintiff.

16. Plaintiff's claims are barred because Plaintiff cannot show that Black Diamond has deceived or has calculated to deceive the relevant purchasing public.

17. Plaintiff's claims are barred because Plaintiff has suffered no damages or, alternatively, any harm or losses suffered by Plaintiff were not caused by Black Diamond.

18. Plaintiff cannot show that there has been or will be any diversion of sales from Plaintiff to the Black Diamond or damage to Plaintiff or a lessening or likelihood of lessening of reputation or goodwill associated with Plaintiff from the acts complained of in the Complaint.

19. Plaintiff's claims were not filed to protect any legitimate rights of Plaintiff, but to harass, oppress and damage Black Diamond.

20. Black Diamond reserves the right to assert additional and/or amend this Answer and its defenses as litigation and discovery in this matter continues.

## DEFENDANT'S COUNTERCLAIM

Defendant Black Diamond Oilfield Rentals LLC ("Black Diamond"), for its Counterclaim against Plaintiff National Oilwell Varco, L.P., alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for certain declaratory judgment and other relief brought regarding purported trademark rights of Plaintiff.

## JURISDICTION AND VENUE

2. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the trademark laws of the United States, Title 15 of the United States Code. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 as well as 28 U.S.C. §§ 1331, 1338, and 2201-2202.

3. Plaintiff has submitted to the personal jurisdiction of this Court by and through the claims alleged against Black Diamond in its Complaint [Dkt. 1].

4. Venue is proper in this District under 28 U.S.C. §§ 1391 because a substantial part of the events giving rise to the claims at issue occurred in this District and/or because Plaintiff is subject to personal jurisdiction in this action.

**PERTINENT FACTUAL BACKGROUND**

5. In 1999, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,908,212 to Grant Prideco, Inc. for an "Ultra High Torque Double Shoulder Tool Joint" (hereinafter the "'212 Patent"), which patent expired in approximately 2017.

6. Grant Prideco, Inc. applied for and obtained U.S. Trademark Registration No. 2,466,236 for "XT" in connection with "threaded metal drill pipe connections used on metal drill pipe for the drilling of oil and gas well and other earth boreholes" in Internal Class 006 (hereinafter the "'236 Registration").

7. Grant Prideco, Inc. and its successors, including Plaintiff, used and use the term "XT" in connection with equipment covered by the '212 Patent while the '212 Patent was subsisting and following its expiration.

8. Plaintiff is now the record owner of the '236 Registration and claims rights thereunder as well as common law rights in the term "XT".

9. Plaintiff claims that "XT" is a protectable trademark owned and licensed by Plaintiff, and that Black Diamond's use of "XT" (and derivatives thereof) infringe Plaintiff's rights in "XT" under common law and the '236 Registration.

10. Black Diamond disputes Plaintiff's allegations.

## COUNT I
## Declaratory Judgment of Genericness

11. Black Diamond re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

12. Upon information and belief, the primary significance of the designation "XT" to relevant consumers is a type of threaded drill pipe connection for the drilling of oil and gas wells and other earth boreholes and/or drill pipe with such connections, such that the term "XT" does not serve to indicate the source of any product, including (but not limited to) Plaintiff.

13. Plaintiff claims that "XT" is a protectable trademark for which Plaintiff has exclusive rights and has demanded that Black Diamond cease and desist use of "XT" and derivatives thereof.

14. Black Diamond disputes Plaintiff's allegations and contends that the designation "XT" (and derivatives thereof) is generic.

15. Plaintiff's allegations of trademark infringement place a cloud over Black Diamond's ongoing business and the marketing thereof and may cause uncertainty among others in the marketplace, leading Black Diamond to lose revenues and/or business opportunities.

16. An actual and justiciable controversy exists between Black Diamond and Plaintiff and a judicial declaration is necessary and appropriate so that Black Diamond may ascertain its rights.

17. Wherefore, Black Diamond prays for the following relief:

a. an Order by the Court declaring that the designation “XT” is generic when used in connection with a type of threaded drill pipe connections and drill pipe with such connections;

b. an Order by the Court declaring that, because of the generic nature of “XT,” use of “XT” by Black Diamond cannot, has not and does not infringe any legitimate rights of Plaintiff, whether under the Lanham Act, state statutes or at common law; and

c. an Order by the Court declaring that Black Diamond may continue to use the designation “XT” without infringing any legitimate rights of Plaintiff, whether under the Lanham Act, state statutes or at common law.

**COUNT II**
**Cancellation of U.S. Trademark Reg. No. 2,466,236**

18. Black Diamond re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though alleged in full herein.

19. Plaintiff is the record owner of the ’236 Registration, which Plaintiff contends by and through the Complaint has been infringed by Black Diamond.

20. Black Diamond disputes Plaintiff’s allegations and the validity of U.S. Trademark Reg. No. 2,466,236.

21. As set forth above, the designation “XT” (and derivatives thereof) is generic and does not indicate a source of goods or services.

22. As a result, U.S. Trademark Reg. No. 2,466,236 is invalid and unenforceable.

23. Wherefore, Black Diamond prays for an Order by the Court declaring that Plaintiff's U.S. Trademark Reg. No. 2,466,236 is invalid and unenforceable, and directing the U.S. Patent and Trademark Office to cancel the same.

**PRAYER FOR RELIEF**

WHEREFORE, Black Diamond respectfully requests that judgment be entered in its favor and prays that the court grant the relief requested above as well as such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Black Diamond respectfully requests a jury trial on all issues triable thereby.

Respectfully submitted,

*/s/ Zachary A.P. Oubre*

Michael J. LaBrie, OBA #16253
Zachary A.P. Oubre, OBA #30666
Zachary L. Neighbors, OBA #34739
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com
zach.neighbors@mcafeetaft.com
***Attorneys for Defendant***