IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NATIONAL OILWELL VARCO, L.P.,    )
a Delaware limited partnership,    )
                                 )
            Plaintiff,            )
                                 )
v.                                )        Case No. CIV-24-1258-D
                                 )
BLACK DIAMOND OILFIELD           )
RENTALS, LLC, et al.,            )
                                 )
            Defendants.           )

## ORDER

Before the Court is Plaintiff National Oilwell Varco, L.P.'s (NOV) Motion to Strike Black Diamond Oilfield Rentals, LLC's Motion to Dismiss Third Amended Complaint [Doc. No. 99]. Defendant Black Diamond Oilfield Rentals, LLC (Black Diamond) filed a response [Doc. No. 123], and NOV filed a reply [Doc. No. 143]. Also before the Court is NOV's Motion for Order Allowing Discovery to Proceed Against Defendant Black Diamond [Doc. No. 112], to which Black Diamond responded [Doc. No. 142], and NOV replied [Doc. No. 144]. The matters are fully briefed and at issue.

## I.    Motion to Strike Motion to Dismiss

NOV moves to strike Black Diamond's Motion to Dismiss Third Amended Complaint [Doc. No. 91] on the grounds that it is untimely and not properly filed under FED. R. CIV. P. 12(b)(6), the motion cannot properly be considered under Rule 12(c) as the pleadings have not yet closed, the motion references materials outside the Third Amended Complaint, and the motion was filed for purposes of delaying discovery.

Taking these arguments out of turn, the Court first finds no reason to strike the motion to dismiss on the basis that it would be premature to consider the motion under Rule 12(c), or as a motion for judgment on the pleadings. Nor would the Court strike a motion to dismiss because it references materials outside the operative complaint. Rather, these issues would merely be addressed by the Court when considering the merits of the motion—the Court finds these reasons insufficient to strike the motion altogether.

Next, NOV contends that Black Diamond's motion should be stricken as untimely under Rule 12(b)(6). NOV asserts that because Black Diamond filed answers to NOV's first three complaints [Doc. Nos. 1, 32, 59], that Black Diamond has waived its ability to file a Rule 12(b) motion in response to NOV's Third Amended Complaint [Doc. No. 80].

Black Diamond counters that its motion to dismiss is timely under Rule 12(b)(6). As noted by Black Diamond, "'[i]f a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case.'" [Doc. No. 123, at 3] (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)) (internal quotations omitted). Black Diamond also cites a prior decision of the undersigned, in which the Court declined to strike a motion to dismiss an amended complaint where the party had already filed an answer to a previous version of the complaint. *See Janzen v. Watonga Hosp. Trust Auth.*, No. CIV-11-70-D, 2012 WL 3921524 (W.D. Okla. Sept. 7, 2012). In *Janzen*, the undersigned provided:

> 'Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.' Wright & Miller ¶ 1476 at 638 (3d ed. 2010). Similarly, when an amended complaint is properly filed,

> a defendant's answer to the original complaint is superseded. Although Plaintiff argues the factual allegations directed at the Hospital in the Amended Complaint have not changed from those asserted against it in the Complaint, she offers no authority to support her view that the Hospital is bound by its response to the original complaint.

*Janzen*, 2012 WL 3921524, at *1.

Upon consideration, the Court declines to strike Black Diamond's motion as untimely under Rule 12(b)(6). NOV's Third Amended Complaint [Doc. No. 80] supersedes all prior complaints, and Black Diamond is not bound by its original responses to the prior versions of NOV's complaint. *See Johnston v. Prairie View, Inc.*, No. 2:19-cv-02041-HLT, 2020 WL 2025499, at *4 (D. Kan. Apr. 27, 2020) ("Because the original complaint no longer was in effect, Defendant Lane's original answer was also moot and without legal effect. … For these reasons, Defendant Lane's motion to dismiss is not untimely, and the Court will consider the merits of the motion."); *see also Alexander v. Two Oaks Investments, LLC*, No. 23-cv-00406-SH, 2024 WL 3747166, at *5 (N.D. Okla. Aug. 9, 2024) (citation omitted) ("Once a party is allowed to amend its pleadings, 'the opposing party's right to interpose a Rule 12(b) motion is extended or revived accordingly.'").

Finally, NOV contends that the motion should be stricken because it was filed for purposes of delaying discovery. NOV includes this argument only in the introduction and conclusion of its motion to strike. Regardless, the Court does not find anything in the record that indicates that Black Diamond filed its motion to dismiss for the sole purpose of delaying discovery or otherwise in bad faith. For these reasons, NOV's Motion to Strike

Black Diamond Oilfield Rentals, LLC's Motion to Dismiss Third Amended Complaint [Doc. No. 99] will be denied.

## II.    Motion for Order Allowing Discovery to Proceed Against Black Diamond

NOV also moves for an order allowing discovery to proceed against Black Diamond, pursuant to LCvR26.3(c). In this action, Black Diamond has filed a motion to dismiss pursuant to Rule 12(b)(6) [Doc. No. 91]. Motions to dismiss have also been filed by Defendants Precision Engineering Solutions, LLC [Doc. No. 133] and Basin Energy LLC and Basin Holdings LLC [Doc. No. 141]. The three motions to dismiss are pending.

Under the Court's local rules, a pending Rule 12(b) motion prohibits any party from proceeding with discovery in this action. *See* LCvR26.3(a) ("[I]f a motion has been made pursuant to FED. R. CIV. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case."). A party, however, may seek relief from this rule. *See* LCvR26.3(c) ("Any party may move that discovery be permitted prior to the time period set forth in subsection (a) of this rule.").

NOV contends that Black Diamond filed its motion to dismiss in order to use LCvR26.3(a) as a shield to avoid discovery. When Black Diamond was the only defendant in this case, Black Diamond answered NOV's first complaint, and the Court entered a Scheduling Order [Doc. No. 25]. Since that time, NOV has amended its complaint three times, adding seven other defendants. In the context of NOV seeking leave to file a third amended complaint, the parties filed a Joint Motion to Strike Scheduling Order [Doc. No. 78], and the Scheduling Order was stricken by the Court [Doc. No. 79]. Now, Black

Diamond's motion to dismiss is one of three pending before the Court, and the Court sees no sufficient need to allow discovery to proceed as to Black Diamond only. And, as Black Diamond notes, the scope of discovery may be narrowed or otherwise affected by the Court's disposition of the pending motions to dismiss. For these reasons, the Court declines to allow discovery to proceed as to Black Diamond.

## CONCLUSION

**IT IS THEREFORE ORDERED** that NOV's Motion to Strike Black Diamond Oilfield Rentals, LLC's Motion to Dismiss Third Amended Complaint [Doc. No. 99] is **DENIED**. **IT IS FURTHER ORDERED** that NOV's Motion for Order Allowing Discovery to Proceed Against Defendant Black Diamond [Doc. No. 112] is **DENIED**.[1]

**IT IS SO ORDERED** this 14th  day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] NOV has also filed a First Motion to Compel [Doc. No. 72], requesting an Order compelling Black Diamond to "state whether it has withheld responsive documents on the basis of a particular objection," "link its document production to the corresponding production request," and to complete rolling production by a certain deadline. NOV's Second Motion to Compel [Doc. No. 89] seeks an Order compelling Black Diamond to produce documents pursuant to FED. R. CIV. P. 34. As the Court has declined to permit discovery to continue as to Black Diamond, NOV's motions to compel [Doc. Nos. 72, 89] are **DENIED** as premature**,** without prejudice to resubmission at a later date. For any resubmissions, the Court will require an additional meet-and-confer, pursuant to LCvR37.1.