**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P., a Delaware limited partnership, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1258-D |
| | ) |
| BLACK DIAMOND OILFIELD RENTALS, LLC, a Delaware limited liability company, BASIN HOLDINGS, LLC, a Delaware limited liability company, and BASIN ENERGY LLC, a Delaware limited liability company, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**BLACK DIAMOND OILFIELD RENTALS, LLC'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Black Diamond Oilfield Rentals, LLC ("Black Diamond") provides this Answer to Plaintiff National Oilwell Varco, L.P.'s ("Plaintiff" or "NOV") Third Amended Complaint [Dkt. 80/84] (the "Third Amended Complaint") for itself only and not any other defendant. Black Diamond denies each and every allegation set forth in the Third Amended Complaint except to the extent they are specifically and explicitly admitted below. To the extent any factual allegation is admitted, said admission is inapplicable to any purported conclusions, implication, inferences or speculations that Plaintiff contends follow from such admitted facts, including that any document quoted, referenced or imaged within the Third Amended Complaint shows liability or wrongdoing on the part of Black Diamond, all of which is denied.

## I.      PARTIES, JURISDICTION & VENUE

1.      Admitted.

2.      Admitted.

3.      This paragraph is directed to another defendant regarding which Black Diamond lacks sufficient information and knowledge, and, on that basis, Black Diamond denies.

4.      This paragraph is directed to another defendant regarding which Black Diamond lacks sufficient information and knowledge, and, on that basis, Black Diamond denies.

5.      This paragraph is directed to another defendant regarding which Black Diamond lacks sufficient information and knowledge, and, on that basis, Black Diamond denies.

6.      This paragraph is directed to a defendant that has since been dismissed with prejudice; thus, this paragraph requires no response and, on that basis, Black Diamond denies.

7.      This paragraph is directed to a defendant that has since been dismissed with prejudice; thus, this paragraph requires no response and, on that basis, Black Diamond denies.

8.      This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

9.     This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

10.    This paragraph is directed toward other defendants—two of which have since been dismissed with prejudice. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

11.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond does not contest subject matter jurisdiction.

12.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond does not contest venue for purposes of the claims asserted against Black Diamond in this litigation, and Black Diamond otherwise denies the allegations in this paragraph.

## II.    [ALLEGED] FACTS

13.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

14.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

15.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

16.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

17.     The purported definitions recited in this paragraph speak for themselves and Black Diamond denies allegations inconsistent with the same.

18.     Black Diamond admits that the threaded end of drill pipe or the "connection" takes on mechanical stresses during drilling operations. The allegations in this paragraph are otherwise denied.

19.     The patent identified in this paragraph, as well as its prosecution, speaks for itself and Black Diamond denies allegations inconsistent with the same. Black Diamond admits that the image depicted in this paragraph appears to come from the website also referenced in this paragraph. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

20.     Black Diamond admits that horizontal drilling may increase hydrocarbon recovery and may place stress on equipment used in connection with such drilling. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

21.     Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

22.     Black Diamond admits that a "single shoulder" or "API" connection of drill pipe may include a gap where the drill pipe is connected. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

23.    Black Diamond admits that a "double shoulder" connection of drill pipe may lack the gap of a "single shoulder" or "API" connection and that certain equipment sold by Plaintiff purports to include a "double shoulder" connection.  Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

24.    Black Diamond admits that this paragraph appears to include an image of part of the website referenced in the paragraph. In further response, Black Diamond states that the documents referenced in this paragraph speak for themselves and Black Diamond denies allegations inconsistent with the same.  The remaining allegations in this paragraph are denied.

25.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

26.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

27.    Black Diamond admits that torque is a measurement used in and is otherwise a part of drilling operations. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

28.    Black Diamond admits that the use of liquid pressure to create mechanical movement (or hydraulics) is a part of drilling operations. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

29.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

30.    Black Diamond admits that the image depicted in this paragraph appears to come from the website also referenced in this paragraph. Black Diamond otherwise denies the allegations in this paragraph.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Admitted that the term "XT" is known and used by those in the industry to refer to certain equipment, regardless of whether such equipment originates from Plaintiff. Black Diamond otherwise denies the allegations in this paragraph.

35.    The registration and history of assignments identified in this paragraph speak for themselves and Black Diamond denies allegations inconsistent with the same. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

36.    Admitted.

37.    Denied.

38.    Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

39.    Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

40.    Admitted that U.S. Trademark Reg. No. 2,466,236 is subsisting and that U.S. Patent No. 5,908,212 is not. The allegations in this paragraph are otherwise denied.

41.    The documents referenced in this paragraph speak for themselves,  must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

42.    The document quoted in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

43.    The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

44.    The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

45.    Denied.

46.    The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

47.    The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

48.     Admitted that Black Diamond is in the business of renting drill pipe. The remaining allegations in this paragraph are denied.

49.     Black Diamond admits that Chris Biggerstaff has experience in the drill pipe business and that said experience was a reason for Mr. Biggerstaff becoming Black Diamond's co-founder. Black Diamond further admits that the quote in this paragraph appears to be from the website also referenced in this paragraph, and said website and quote speak for themselves, must be authenticated and must be taken in their entirety,  and Black Diamond denies allegations inconsistent with the same. The allegations in this paragraph are otherwise denied.

50.     The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

51.     The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

52.     This paragraph is directed to other defendants regarding which Black Diamond lacks sufficient information and knowledge, and, on that basis, Black Diamond denies.

53.     The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

54.     Black Diamond admits that Chris Biggerstaff worked for Quail Tools from January 1997 to June 2005 and for Thomas Tools from February 2012 to July 2012. The allegations in this paragraph are otherwise denied, including the allegation that Chris Biggerstaff worked for "Quail Rental Tools."

55.     Black Diamond admits that Quail Tools is a drill pipe rental company based in Louisiana. Black Diamond denies that Quail Tools "has been and remains…[an] exclusive distributer" of Plaintiff's products. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

56.     Black Diamond admits that Thomas Tools is a drill pipe rental company. Black Diamond is without sufficient information and knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies the same.

57.     Black Diamond admits that, prior to being employed by Black Diamond, Chris Biggerstaff became aware of equipment identified by Plaintiff as "XT". The remaining allegations in this paragraph are denied.

58.     Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

59.     The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

60.     Admitted that the transcript excerpt referenced in this paragraph purports to be from the rough deposition transcript of Chris Biggerstaff in the *Snider* Litigation, which

speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

61. This paragraph is directed to another defendant—that has since been dismissed with prejudice—regarding which Black Diamond lacks sufficient information and knowledge, and, on that basis, Black Diamond denies.

62. Black Diamond admits that the image depicted in this paragraph appears to come from a document Black Diamond produced during the course of discovery in this litigation. Said document speaks for itself, must be authenticated and must be taken in its entirety and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

63. Black Diamond admits that the image depicted in this paragraph appears to come from a document Black Diamond produced during the course of discovery in this litigation. Said document, as well as the other documents referenced in this paragraph, speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

64. The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

65. Denied.

66.    This paragraph references NOV's beliefs and is not a statement of alleged fact. The allegations in this paragraph are denied.

67.    Denied.

68.    Admitted that Black Diamond markets and sells products named EVRDRL, including the EVRDRL 3.90. The remaining allegations in this paragraph are denied.

69.    Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

70.    Admitted that Plaintiff is the record owner of U.S. Trademark Reg. No. 2,466,236. Admitted that the transcript excerpt referenced in this paragraph purports to be from the rough deposition transcript of Chris Biggerstaff in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond. The allegations in this paragraph are otherwise denied.

71.    Admitted that the transcript excerpts referenced in this paragraph purport to be from the deposition transcripts of Sam Goswick in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or

liability on the part of Black Diamond. The remaining allegations in this paragraph are denied.

72.    Admitted that the transcript excerpts referenced in this paragraph purport to be from the deposition transcript of Dallas Clark in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond. The remaining allegations in this paragraph are denied.

73.    Admitted that the transcript excerpt referenced in this paragraph purports to be from the rough deposition transcript of Chris Biggerstaff in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

74.    This paragraph is directed to other defendants and not Black Diamond. To the extent a response is required, the documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

75.    This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

76.    Denied.

77.     Admitted that the transcript excerpt referenced in this paragraph purports to be from the rough deposition transcript of Chris Biggerstaff in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

78.     Denied.

79.     Admitted that Plaintiff has sold to Black Diamond, and Black Diamond has otherwise lawfully acquired, equipment originally sold by Plaintiff as an "XT" product, and Black Diamond further admits to lawfully repairing the same as well as other equipment. The remaining allegations in this paragraph are denied.

80.     Admitted that this paragraph purports to contain a partial image of what purports to be a "Drill Pipe Performance Data Sheet;" such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied, including that the partial image depicted in this paragraph shows wrongdoing or liability on the part of Black Diamond.

81.     Admitted that this paragraph purports to contain a partial image of correspondence sent from Nelson Allen to Chris Biggerstaff; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied, including that the partial image depicted in this paragraph shows wrongdoing or liability on the part of Black Diamond.

82.    The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

83.    Admitted that this paragraph references correspondence purported to be sent from Plaintiff to Black Diamond; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated. The remaining allegations in this paragraph are denied.

84.    The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

85.    The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

86.    Black Diamond is without sufficient information and knowledge to admit or deny the allegations in this paragraph and, on that basis, denies the same.

87.    The document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

88.    Black Diamond is without sufficient information and knowledge to admit or deny what Plaintiff knows and when Plaintiff learns of such knowledge and, on that basis,

denies the same. Black Diamond denies the remaining allegations in this paragraph, including what Plaintiff purports to know or have discovered.

89.     Black Diamond is without sufficient information and knowledge to admit or deny whether the technical specifications for the connections referenced in this paragraph are or are not different. The remaining allegations in this paragraph are denied.

90.     The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

91.     The documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

92.     Admitted that Brian Christen's employment with Black Diamond was terminated in July of 2022. In further response, the documents referenced in this paragraph speak for themselves, must be authenticated and must be taken in their entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

93.     To the extent the allegations in this paragraph pose a hypothetical, no response is required. Otherwise, and to the extent a response is required, the allegations in this paragraph are denied.

94.     Admitted.

95.     Admitted.

96.     Admitted.

97.     Admitted.

98.     Admitted that the correspondence embedded in this paragraph purports to be a partial image of correspondence sent from Jeb Hunt to Kaiser-Francis; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated, and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

99.     Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety. Black Diamond denies any allegations inconsistent with the same and further denies that the quoted excerpt shows wrongdoing or liability on the part of Black Diamond.

100.    Admitted that this paragraph purports to contain an image of a Black Diamond ticket; such a document must be authenticated and speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same, to the extent authenticated, and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

101.    Admitted that drill pipe originating from Plaintiff and Black Diamond may be different insofar as the company from it originates is different. Further admitted that this paragraph purports to include a partial quote of Black Diamond's Answer to Plaintiff's Interrogatory No. 16 in the *Snider* Litigation, which speaks for itself and must be taken in its entirety; Black Diamond denies any allegations inconsistent with the same and that the

same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

102. Black Diamond's "internal company materials" referenced in this paragraph—which are not identified by Plaintiff—speak for themselves and must be taken in their entirety, and Black Diamond denies any allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

103. Admitted that the subject tool joints in the *Snider* litigation may have been cut/recut. Further admitted that this paragraph purports to include a partial quote of Black Diamond's Answer to Plaintiff's Interrogatory No. 13 in the *Snider* Litigation, which speaks for itself and must be taken in its entirety; Black Diamond denies any allegations inconsistent with the same and that the same shows wrongdoing on the part of Black Diamond. The remaining allegations in this paragraph are denied.

104. Admitted that Drill Pipe Performance Data Sheets may have accompanied drill pipe supplied by Black Diamond. In further response, the document referenced in this paragraph speaks for itself, must be authenticated and must be taken in its entirety, and Black Diamond denies allegations inconsistent with the same. The remaining allegations in this paragraph are denied.

105. Admitted that the *Snider* Litigation concerned an accident at the location identified in this paragraph that ultimately led to the death of Tanner Snider on October 5, 2022. The allegations in this paragraph are otherwise denied.

106. Admitted.

17

107.    Admitted that Kaiser-Francis initiated suit against Black Diamond in 2023 and in its pleading initiating said suit alleged, among other things, what is quoted in this paragraph, which is denied by Black Diamond. The allegations in this paragraph are otherwise denied.

108.    Black Diamond admits that Plaintiff was voluntarily dismissed from the *Snider* Litigation on February 27, 2024. The allegations in this paragraph are otherwise denied.

109.    Denied.

110.    Admitted that the transcript excerpt referenced in this paragraph purports to be from the deposition transcript of Jeb Hunt in the *Snider* Litigation, which speaks for itself and must be taken in its entirety, and Black Diamond denies any allegations inconsistent with the same as well as the remaining allegations in this paragraph.

111.    Denied.

## CLAIM I – [ALLEGED] INFRINGMENT OF REGISTERED U.S. TRADEMARK (BLACK DIAMOND)

112.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

113.    The registration identified in this paragraph speaks for itself and Black Diamond denies allegations inconsistent with the same.

114.    Admitted that Black Diamond has used the term "XT-type". The allegations in this paragraph are otherwise denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

## CLAIM II – [ALLEGED] FEDERAL UNFAIR COMPETION AND FALSE DESIGNATION OF ORIGIN (BLACK DIAMOND)

123.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

## CLAIM III – [ALLEGED] FEDERAL FALSE ADVERTISING (BLACK DIAMOND)

131.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

## CLAIM IV – [ALLEGED] COMMON-LAW TRADEMARK INFRINGEMENT
### (BLACK DIAMOND)

143.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

144.    Denied.

145.    Admitted that Black Diamond has used the term "XT-type". The allegations in this paragraph are otherwise denied.

146.    Denied.

147.    Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Third Amended Complaint [Dkt. 80/84], including the relief sought in this paragraph.

## CLAIM V – [ALLEGED] VIOLATIONS OF
## THE OKLAHOMA DECEPTIVE TRADE PRATICES ACT
### (BLACK DIAMOND)

148. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

149. Denied.

150. Admitted.

151. Admitted that this paragraph purports to quote certain portions of 78 Okla. Stat. § 53, which speaks for itself and Black Diamond denies any allegations inconsistent with the same.

152. Denied.

153. Denied.

154. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Third Amended Complaint [Dkt. 80/84], including the relief sought in this paragraph.

155. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Third Amended Complaint [Dkt. 80/84], including the relief sought in this paragraph.

## CLAIM VI – [ALLEGED] UNJUST ENRICHMENT
### (BLACK DIAMOND AND BASIN)

156. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

157. Denied.

158. Denied.

159. Denied.

21

160.    Denied.

161.    Denied.

162.    The allegations in this paragraph are not directed toward Black Diamond and the allegations in this paragraph contain legal conclusions; therefore, no response is required. To the extent a response is required, this paragraph is denied.

163.    The allegations in this paragraph are not directed toward Black Diamond and the allegations in this paragraph contain legal conclusions; therefore, no response is required. To the extent a response is required, this paragraph is denied.

164.    Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Third Amended Complaint [Dkt. 80/84], including the relief sought in this paragraph.

## CLAIM VII – [ALLEGED] PIERCING THE CORPORATE VEIL / ALTER EGO LIABILITY
### (BASIN)

165.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

166.    This claim is directed toward other defendants and the allegations in this paragraph contain legal conclusions; therefore,  no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

167.    This claim is directed toward other defendants and the allegations in this paragraph contain legal conclusions; therefore, no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

168.    This claim is directed toward other defendants and the allegations in this paragraph contain legal conclusions; therefore, no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

169.    This claim is directed toward other defendants and the allegations in this paragraph contain legal conclusions; therefore, no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

## CLAIM VIII – [ALLEGED] CIVIL CONSPIRACY
### (ALL DEFENDANTS)

170.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## CLAIM IX – [ALLEGED] VIOLATION OF THE DTSA
### (ALL DEFENDANTS)

175.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

## CLAIM X – [ALLEGED] VIOLATION OF THE OUTSA
### (ALL DEFENDANTS)

185.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

## CLAIM XI – [ALLEGED] MISAPPROPRIATION OF CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION
### (ALL DEFENDANTS)

195.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

196.    Denied.

24

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

## CLAIM XII – [ALLEGED] UNFAIR COMPETITION
### (ALL DEFENDANTS)

201.   Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

## CLAIM XIII – [ALLEGED] BREACH OF CONTRACT
### (JACK SMITH)

211.   Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

212.   This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

213.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

214.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

215.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

216.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

217.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

218.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

**CLAIM XIV – [ALLEGED] BREACH OF FIDUCIARY DUTY**
**(JACK SMITH)**

219.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

220.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

221.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

222.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

223. This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

224. This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

225. This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

226. This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

227. This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

## CLAIM XV – [ALLEGED] NEGLIGENCE
### (PRECISION)

228. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

229. This paragraph is directed toward another defendant and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

230. This paragraph is directed toward another defendant and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

231.    This paragraph is directed toward another defendant and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

232.    This paragraph is directed toward another defendant and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

## CLAIM XVI – [ALLEGED] NEGLIGENCE
### (WICKANDER)

233.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

234.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

235.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

236.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

237.    This claim is directed toward other defendants and has been dismissed with prejudice. Therefore, no response is required and the allegations are denied.

## CLAIM XVII – [ALLEGED] NEGLIGENCE
### (BASIN)

238.    Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

239. This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

240. This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

241. This paragraph is directed toward other defendants and the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Black Diamond denies the allegations in this paragraph.

## PRAYER FOR RELIEF

240. This paragraph is incorrectly numbered 240 and should be numbered 242. Black Diamond incorporates by reference all of the preceding paragraphs as though fully set forth herein.

241. This paragraph is incorrectly numbered 241 and should be numbered 243. Black Diamond denies that Plaintiff is entitled to any of the relief sought in the Third Amended Complaint [Dkt. 80/84], including the relief sought in this paragraph.

242. This paragraph is incorrectly numbered 242 and should be numbered 244. Denied.

Black Diamond denies the final paragraph of the Third Amended Complaint and that Plaintiff is entitled to any of the relief sought or requested in the same.

## DEFENSES

No relief against Black Diamond is proper and any allegation expressed or implied by Plaintiff not specifically and explicitly admitted in this Answer is denied. Further answering and responding to the Third Amended Complaint, Black Diamond identifies the following defenses, but does not assume any burden of production or persuasion which is not required by applicable law:

1.      With respect to one or more of Plaintiff's claims, Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff is not entitled to an award of statutory damages, damages for willful infringement, attorney's fees or other costs.

3.      Plaintiff's claims are barred because Plaintiff cannot establish one or more of the elements of its claims.

4.      Plaintiff's requested relief is contrary to public policy as an unlawful restraint of trade.

5.      Plaintiff's claims are barred in whole or in part because they purport to address conduct that is beyond the scope of the federal and state laws on which Plaintiff's claims are based.

6.      Plaintiff's claims are barred by reason of estoppel, waiver or laches.

7.      Plaintiff's claims are barred by reason of unclean hands.

8.      Plaintiff's claims are barred by reason of implied license and/or acquiescence and/or the first sale doctrine.

9. One or more of Plaintiff's claims are barred by reason of the applicable statute of limitations.

10. What Plaintiff contends to be infringement constitutes lawful fair use and/or nominative fair use.

11. The statements attributed to the Black Diamond for alleged violations of the Lanham Act were not false and/or do not and did not cause confusion or mistake and/or were not likely to deceive the pertinent consuming public.

12. Plaintiff lacks standing and/or Plaintiff has not been, nor is likely to be, injured by the acts complained of within the Third Amended Complaint.

13. Plaintiff cannot show the requisite mental state or level of conduct for willful infringement or to be awarded exemplary and/or punitive damages, and any such imposition of exemplary and/or punitive damages would violate the Oklahoma and/or United States Constitutions.

14. Plaintiff's claims are a misuse of its purported rights.

15. "XT" is and/or has become generic and the primary significance of the term is of a particular product, not Plaintiff.

16. Plaintiff's claims are barred because Plaintiff cannot show that Black Diamond has deceived or has calculated to deceive the relevant purchasing public.

17. Plaintiff's claims are barred because Plaintiff has suffered no damages or, alternatively, any harm or losses suffered by Plaintiff were not caused by Black Diamond.

18. Plaintiff cannot show that there has been or will be any diversion of sales from Plaintiff to the Black Diamond or damage to Plaintiff or a lessening or likelihood of

31

lessening of reputation or goodwill associated with Plaintiff from the acts complained of in the Third Amended Complaint.

19.    Plaintiff's claims were not filed to protect any legitimate rights of Plaintiff, but to harass, oppress and damage Black Diamond.

20.    Plaintiff has an adequate remedy at law and is barred from asserting unjust enrichment as a result.

21.    Plaintiff has failed to mitigate its damages, if any.

22.    Black Diamond has misappropriated no protectable trade secrets or confidential information of Plaintiff's and has otherwise performed no act or omission via-à-vis Plaintiff that would entitle Plaintiff to any of its requested relief.

23.    What forms the basis of Plaintiff's misappropriation and similar claims is not protectable because, *inter alia*, it is publicly known, readily ascertainable, not confidential, not the subject of reasonable efforts to maintain it confidential, and/or did not provide Plaintiff with a competitive advantage and/or what is alleged to have been misappropriated was lawfully acquired, independently developed, reverse engineered or otherwise acquired through means that were not improper or unlawful.

24.    Plaintiff's claims are preempted in whole or in part.

25.    Plaintiff is barred from double recovery and barred from disgorgement under one or more of its claims.

26.    There is no separate claim for civil conspiracy or permanent injunction under Oklahoma law.

Black Diamond reserves the right to assert additional and/or amend this Answer and its defenses as litigation and discovery in this matter continues. Black Diamond's First Amended Counterclaims shall be separately filed contemporaneously herewith which First Amended Counterclaims are intended to supersede and take the place of those previously asserted by Black Diamond.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Black Diamond respectfully requests a jury trial on all issues triable thereby.

*/s/ Zachary A.P. Oubre*
Michael J. LaBrie, OBA #16253
Zachary A.P. Oubre, OBA #30666
Zachary L. Neighbors, OBA #34739
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439
mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com
zach.neighbors@mcafeetaft.com
***Attorneys for Defendant***
***Black Diamond Oilfield Rentals, LLC***