**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P.,<br>a Delaware limited partnership,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. CIV-24-1258-D |
| BLACK DIAMOND OILFIELD<br>RENTALS, LLC, a Delaware limited<br>liability company, et al.,<br><br>Defendants. | ) | |

**PLAINTIFF NATIONAL OILWELL VARCO, L.P.'S MOTION FOR ORDER ALLOWING DISCOVERY TO PROCEED WITH SUPPORTING BRIEF**

Plaintiff National Oilwell Varco, L.P. ("NOV"), pursuant to FED. R. CIV. P. 26 and LCvR26.3, submits this Motion for an Order from the Court allowing discovery in this matter to proceed while NOV's own Partial Motion to Dismiss is pending. *See* Doc. No. 166 (moving to dismiss Defendant Black Diamond Oilfield Rentals, LLC's Counterclaims I, II, and III (the "Antitrust Claims")). NOV certifies that it complied with LCvR37.1 before filing this Motion, meeting in-person with Defense Counsel on October 28, 2026, who confirmed BDOR's opposition to the relief requested herein. In support, NOV states as follows:

## BACKGROUND

Discovery in this case commenced on February 12, 2025. *See* Doc. No. 22 at ¶ 8(A) (Rule 26(f) conference held on 2/12/2025); Doc. No. 72-2 (NOV's First Set of Discovery issued on 2/12/2025). Under the Federal Rules of Civil Procedure, discovery is permitted

to begin after the Rule 26(f) conference. Defendant Black Diamond Oilfield Rentals, LLC ("Black Diamond" or "BDOR") answered the original Complaint (Doc. No. 1; Doc No. 17), the Parties conferred as required by Rule 26(f), the Court entered a Scheduling Order (Doc. No. 25), and discovery commenced.

On August 22, 2025, BDOR filed a Motion to Dismiss NOV's Third Amended Complaint (Doc. No. 91) – and ceased participating in discovery, citing Local Rule 26.3. Other Defendants filed similar motions on jurisdictional grounds (Doc Nos. 133 and 141). NOV filed a motion seeking relief from Local Rule 26.3, requesting that discovery be permitted to proceed against **BDOR only** (Doc. No. 112). On January 14, 2026, the Court denied NOV's requested relief, holding that "as Black Diamond notes, the scope of discovery may be narrowed or otherwise affected by the Court's disposition of the pending motions to dismiss." *See* Doc. No. 158, at 5.

On March 5, 2026, the Court issued an Order denying BDOR's motion to dismiss (Doc. No. 161). Subsequently, BDOR filed both an Answer to the Third Amended Complaint and its First Amended Counterclaims against NOV, including the previously unasserted Antitrust Claims (Doc Nos. 162 and 163). NOV filed a Partial Answer and a Partial Motion to Dismiss, directing its Rule 12(b)(6) motion only at the new Antitrust Claims (Doc Nos. 166 and 167).[1]

On September 28 and 29, the Court issued orders granting the remaining motions to

[1] Procedurally, NOV had no choice but to file its motion pursuant to Rule 12(b)(6), rather than Rule 12(c), since not all Defendants had filed answers and, by extension, the pleadings were not yet closed.

dismiss brought by other defendants on jurisdictional grounds, dismissing without prejudice NOV's claims against Defendant Precision Energy Solutions, LLC (Doc. 176) and Defendants Basin Holdings, LLC, and Basin Energy, LLC (Doc. 177), respectively. With all the pending motions to dismiss brought by BDOR and the other defendants as referenced in the Court's January 14 Order now resolved, NOV approached BDOR and third parties to whom they issued subpoenas requesting that discovery resume. *See Ex. 1*, NOV Counsel-BDOR Counsel Correspondence Exchange dated 9/30/2026 through 10/26/2026; *Ex. 2*, NOV Counsel-Gagemaker Counsel Correspondence Exchange dated 9/30/2026 through October 5, 2026.

However, BDOR and such non-parties continue to object to participating in discovery, again citing Local Rule 26.3, now referencing ***NOV's*** pending partial motion to dismiss as the basis for the objection. *Ex. 1* and *Ex. 2*, *supra*. Although NOV agreed to stipulate that discovery be permitted to proceed as expressly contemplated by LCvR26.3(b), including discovery against NOV, BDOR has taken the position that ***all*** parties must agree that discovery should resume, even where the party who has filed the pending motion to dismiss – here, NOV – agrees to stipulate that discovery may proceed. Accordingly, pursuant to LCvR26.3(c), and in the interest of justice, NOV moves the Court for an order that discovery be permitted prior to the time the Court decides ***its own*** partial motion to dismiss BDOR's counterclaims. *See* FED. R. CIV. P. 1 (rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## ARGUMENTS & AUTHORITIES

In previously opposing discovery while motions to dismiss were pending, BDOR claimed that Local Rule 26.3 served the purpose of "helping to manage the Court's docket and mitigating the burden of discovery on the parties and the Court, as the claims, defenses and parties that will ultimately be at issue in this case are currently unknown, which, in turn, creates uncertainty as to the scope of discovery." Doc. No. 142, at 6. Now, it is only NOV who has filed a Partial Motion to Dismiss which remains pending. And NOV has expressly agreed to stipulate that discovery may resume pending the outcome of that motion consistent with LCvR26.3(b). In turn, there is no such burden on BDOR for the Court to mitigate. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) ("[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.") (quoting *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir.2000)).

To the contrary, granting a continued stay of NOV's case over NOV's objection, while NOV's ***own*** Partial Motion to Dismiss is pending, is a particularly harsh and potentially prejudicial result. NOV has a "substantial interest" in the prompt resolution of its claims, which necessarily includes a "speedy discovery process." *See D.T. v. Indep. Sch. Dist. No. I-002*, No. 24-CV-00390-SH, 2025 WL 342867, at *3 (N.D. Okla. Jan. 30, 2025); *see also McGinn v. El Paso Cnty., Colorado*, 640 F. Supp. 3d 1070, 1076 (D. Colo. 2022) (A plaintiff "has a strong interest in proceeding expeditiously with [his] case."). And a stay typically "would increase the danger of prejudice resulting from the loss of evidence,

including the inability of witnesses to recall specific facts, or the possible death of a party." *See Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1169 (D.N.M. 2023); *see also Bundy v. Sheriff of Garvin Cnty.*, CIV-25-850-SLP, 2026 WL 162259, at *3 (W.D. Okla. Jan. 21, 2026) ("[G]ranting a stay would certainly run counter to Plaintiff's right to the expeditious resolution of her case and any delay has at least the potential to interfere with the memory of witnesses. This factor weighs against granting a stay.").

NOV respectfully requests that BDOR's continued weaponization of LCvR26.3 be put to an end. BDOR has no motion to dismiss pending. It is not awaiting any decision as to any other defendant. The scope of discovery as to BDOR is fully defined by the pleadings at issue. Continuing to permit BDOR to avoid discovery while NOV's partial motion to dismiss is pending – over NOV's objection and despite NOV's stipulation that discovery may proceed – is a result not contemplated or warranted by LCvR26.3. Indeed, weaponizing hyper-technical interpretations of the rules to delay litigation is disfavored:

> Although SBG may be technically correct that Plaintiff did not obtain leave of court or a written stipulation in accordance with Rule 33(a), under the circumstances of this case the Court fails to perceive any defensible reason for SBG's objection. SBG's wasteful and inefficient evocation of Rule 33(a) runs counter to Rule 1 of the [FED. R. CIV. P.] requiring that the rules be construed and administered to secure the just, speedy, and inexpensive determination of every civil action. Here, SBG's actions have served to delay discovery unnecessarily and have caused unnecessary expense.

*Enderwood v. Sinclair Broad. Grp., Inc.*, No. CIV-03-1729-T, 2005 WL 8157817, at *3 (W.D. Okla. Nov. 14, 2005). A continued stay, driven solely by the fact that ***<u>NOV's</u>*** motion remains pending, only increases the danger of prejudice from loss of evidence and interference with the memory of witnesses. NOV's Motion should be granted.

## CONCLUSION

**WHEREFORE**, above premises considered, NOV moves for an order from the Court pursuant to LCvR 26.3(c) allowing discovery to proceed while NOV's Partial Motion to Dismiss is pending; and all further relief deemed just and equitable by the Court.

Respectfully submitted by:
**RYAN WHALEY, PLLC**

*s/Matthew K. Felty*
Phillip G. Whaley, OBA No. 13371
Patrick R. Pearce, Jr., OBA No. 18802
Evan W. Talley, OBA No. 22923
Matthew K. Felty, OBA No. 31057
Jim V. John, OBA No. 33928
Jacob Oliphant, OBA No. 34748
400 North Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040 (Telephone)
(405) 239-6766 (Facsimile)
pwhaley@ryanwhaley.com
rpearce@ryanwhaley.com
etalley@ryanwhaley.com
mfelty@ryanwhaley.com
jjohn@ryanwhaley.com
joliphant@ryanwhaley.com

**ATTORNEYS FOR NATIONAL OILWELL VARCO, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 30th of October, 2026, a true and correct copy of the foregoing *NOV's Motion for Order Allowing Discovery to Proceed* was electronically served on the following counsel of record and CM/ECF registrants:

Michael J. LaBrie, Esq.
Zachary A.P. Oubre, Esq.
Zachary L. Neighbors, Esq.
**MCAFEE & TAFT, P.C.**
8th Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com
zach.neighbors@mcafeetaft.com

**ATTORNEYS FOR BLACK DIAMOND OILFIELD RENTALS, LLC**

*s/Matthew K. Felty*
Matthew K. Felty