**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1258-D |
| | ) | |
| BLACK DIAMOND OILFIELD RENTALS, LLC, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

**BLACK DIAMOND OILFIELD RENTALS, LLC'S RESPONSE TO PLAINTIFF NATIONAL OILWELL VARCO, L.P.'S MOTION FOR ORDER ALLOWING DISCOVERY TO PROCEED WITH SUPPORTING BRIEF**

---

Plaintiff National Oilwell Varco, L.P. ("NOV") asks this Court, for a second time, for leave to pursue discovery against Black Diamond Oilfield Rentals, LLC ("Black Diamond") notwithstanding Local Court Rule 26.3 ("LCvR26.3" or the "Rule"). The Court denied a similar request on January 14, 2026. [Doc. No. 158]. NOV now recasts Black Diamond's compliance with LCvR26.3 as a "continued weaponization" of the Rule and asks this Court to impose limitations on the Rule that do not exist. [Doc. No. 178, at 5]. Accordingly, NOV's Motion for Order Allowing Discovery to Proceed with Supporting Brief [Doc. No. 178] should be denied, and discovery should remain stayed under LCvR26.3 until the pending motion to dismiss is decided.

## PERTINENT BACKGROUND

Discovery began in this case in February 2025. On August 22, 2025, Black Diamond filed a Motion to Dismiss NOV's Third Amended Complaint [Doc. No. 91]. The other Defendants subsequently filed similar motions. [Doc. Nos. 133, 141]. In compliance with LCvR26.3, Defendants, including Black Diamond, did not engage in discovery while those motions were pending. But NOV moved for an order allowing discovery to proceed against Black Diamond arguing that LCvR26.3 did not apply and was only being cited as an improper means to delay discovery. [Doc. No. 112, at 25]. On January 14, 2026, the Court denied NOV's motion, reasoning that "the scope of discovery may be narrowed or otherwise affected by the Court's disposition of the pending motions to dismiss" and declining "to allow discovery to proceed as to Black Diamond." [Doc. No. 158, at 4-5].

The Court ruled on Black Diamond's motion to dismiss on March 5, 2026. [Doc. No. 161]. On March 19, 2026, Black Diamond filed its Answer to Plaintiff's Third Amended Complaint and its First Amended Counterclaims. [Doc. Nos. 162, 163]. NOV responded with a partial answer and a partial motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). [Doc. Nos. 166, 167]. NOV again sought to initiate discovery. When Black Diamond advised that it would not participate because doing so would contravene LCvR26.3, NOV filed the present motion. [Doc. No. 178].[1]

[1] In September 2026, the Court ruled on the other Defendants' motions to dismiss. [Doc. Nos. 176, 177]. The only motion to dismiss remaining is NOV's partial motion to dismiss.

## ARGUMENTS AND AUTHORITIES

### I. THE COURT HAS ALREADY RULED ON THIS ISSUE, AND LCVR26.3 HAS NOT CHANGED.

As explained above, the Court has already considered whether discovery should proceed against Black Diamond while a motion to dismiss is pending. It declined, reasoning that "the scope of discovery may be narrowed or otherwise affected by the Court's disposition of the pending motions to dismiss." [Doc. No. 158, at 4-5]. NOV now asks the Court to revisit that question on the theory that LCvR26.3 should not apply because the pending motion to dismiss is its own. [Doc. No. 178]. But that theory does not change the Court's reasoning. The Court's concern was the effect of a pending motion to dismiss on the scope of discovery, not who filed the motion.

The text of LCvR26.3 is clear and has not changed since this Court ruled on this issue in January: "Subject to the exceptions set forth in subsections (b) and (c) of this rule, if a motion has been made pursuant to FED. R. CIV. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR26.3. Because this Rule governs today as it did in January, discovery cannot commence until the pending motion to dismiss is decided. Judges in this district have applied the Rule in the same way. *See Wrenn v. Oklahoma*, Case No. CIV-25-00241-JD, 2025 WL 4683933, at *1 (W.D. Okla. June 16, 2025) ("[Plaintiff] puts the cart before the horse. Many of the motions to dismiss challenge the Court's jurisdiction over this action and over defendants. It would be improper for the Court to order discovery without first deciding these challenges. . . . The Court sees no

reason to depart from Local Rule 26.3(a) . . . in this case."); *see also Waller v. City of Okla. City*, Case No. CIV-26-988-SLP, 2026 WL 3392908, at *1 (W.D. Okla. Nov. 9, 2026) ("In this action, multiple Defendants have moved to dismiss Plaintiff's First Amended Complaint [Doc. No. 3] pursuant to FED. R. CIV. P. 12(b)(6). . . . The Court has not yet ruled on any of those motions. Under the Court's local rules, these motions prohibit any party from proceeding with discovery in this action."); *Payn v. Kelley*, Case No. CIV-15-1089-D, 2015 WL 8759295, at *2 (W.D. Okla. Dec. 14, 2015) (citing LCvR26.3 to deny the plaintiff's discovery motions because "these Motions were filed prior to the parties' ability under the rules to conduct discovery"). NOV provides no case to the contrary nor any case specifically pertaining to LCvR 26.3. *See* Doc. No. 178, *generally.* Accordingly, the Rule applies and bars discovery until all Rule 12 motions are ruled upon.

## II. LCVR26.3 APPLIES REGARDLESS OF WHO FILED THE MOTION TO DISMISS.

NOV further argues that, because the pending motion to dismiss is its own and it agrees to a stipulation, LCvR26.3 cannot apply. NOV asks the Court to add to LCvR26.3 an exception that does not exist. Nowhere does the Rule specify that the pending motion to dismiss must be filed by the party opposing discovery. And NOV appears to believe that LCvR26.3(b)'s allowance of a stipulation means that if one party agrees to stipulate, the opposing party must also agree—especially if the party moving to pursue discovery is the one who filed the pending motion to dismiss. But such language does not appear in the text of LCvR26.3.

Subsection (b) of LCvR26.3 provides that "parties *may* stipulate that discovery is permitted prior to the time period set forth in subsection (a) of this rule, either generally or with respect to a specific subject, party, or nonparty." LCvR26.3 (emphasis added). Nowhere does it state that the parties *must* stipulate. With clear knowledge of the Rule and this Court's prior ruling in this case concerning the same, NOV chose to file a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), as was its right. But having filed that motion, NOV is subject to the Local Rules related to it. The pending motion is NOV's motion; the delay it causes is a consequence of NOV's choice, not Black Diamond's.

NOV also argues that application of LCvR26.3 would lead to a "particularly harsh and potentially prejudicial result." [Doc. No. 178, at 4]. It contends that "[t]he scope of discovery as to [Black Diamond] is fully defined by the pleadings at issue" and "[c]ontinuing to permit [Black Diamond] to avoid discovery while NOV's partial motion to dismiss is pending—over NOV's objection and despite NOV's stipulation that discovery may proceed—is a result not contemplated or warranted by LCvR26.3." *Id.* at 5. But NOV fails to appreciate that its motion to dismiss is directed at Black Diamond's counterclaims. Therefore, the scope of the discovery Black Diamond may seek is not fully defined by the pleadings at issue. Regardless of who files a motion to dismiss, it has the potential to limit the scope of discovery, which impacts both parties. If NOV's pending motion to dismiss is granted, even in part, it would limit the discovery Black Diamond can pursue against NOV. Allowing discovery prior to such a ruling risks wasting time and resources on discovery into issues that are not part of the allowable claims if the Court grants any part of NOV's motion. As stated in the Court's January 2026 Order, "the scope of discovery may be

narrowed or otherwise affected by the Court's disposition of the pending motion[] to dismiss," so the Court should "decline[] to allow discovery to proceed." [Doc. No. 158, at 4-5].

Further, NOV characterizes Black Diamond's attempts to follow the Court's Local Rules as efforts to evade participating in discovery. But "local rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Woods Constr. Co. v. Atlas Chem. Indust., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)). NOV's position would penalize Black Diamond for declining to stipulate to discovery, but Black Diamond is merely following the text of and the reasons for the Rule and should not be punished for doing so. NOV's position would have LCvR26.3 apply to some parties but not others, depending on who filed the Rule 12(b) motion. That limitation appears nowhere in the Rule's text, and the Court should decline NOV's invitation to read it in. Indeed, it is NOV that seeks to weaponize the Rule by asking the Court to allow it full and fulsome discovery the scope of which is unknown and subject to change.

NOV also cites FED. R. CIV. P. 1 and its directive that the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." But each of those words carries equal weight, and the rules are meant to secure an inexpensive determination just as much as a speedy one. Requiring both parties to engage in discovery while a pending motion to dismiss could narrow the issues is neither inexpensive nor efficient. That is true regardless

of which party filed the motion to dismiss. This is the same consideration underlying the rationale for the Rule which the Court weighed in denying NOV's first request to deviate from the Local Rules. [Doc. No. 158, at 4-5]. There is no reason to depart from it now.

## CONCLUSION

For the reasons stated above, NOV's motion should be denied. The Court addressed LCvR26.3 in January 2026 [Doc. No. 158], and the Rule's text has not changed. The only difference NOV identifies now – that the pending motion to dismiss is its own – appears nowhere in the Rule. Nor does the Rule's text support NOV's contention that a party that has moved to dismiss stipulates to discovery under LCvR26.3(b), the opposing party must agree as well. Black Diamond therefore respectfully requests that the Court deny NOV's motion [Doc. No. 178] and that discovery remain stayed under LCvR26.3 until the pending motion to dismiss is decided and the scope of discovery known.

Respectfully submitted,

*/s/ Zachary Oubre*

Michael J. LaBrie, OBA #16253
Zachary A.P. Oubre, OBA #30666
Zachary L. Neighbors, OBA #34739
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
(405) 235-9621 (phone)
(405) 235-0439 (fax)
mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com
zach.neighbors@mcafeetaft.com
***Attorneys for Defendant,***
***Black Diamond Oilfield Rentals, LLC***